The next case today is United States v. Jorge Munoz-Martinez, Appeal No. 20-1749. Attorney Gonzales, please introduce yourself for the record and proceed with your argument. Good morning, Your Honors. Ramon M. Gonzales. I represent Appellant Jorge Munoz-Martinez. I'd like to reserve one minute for rebuttal, if I could. Yes. Thank you. May it please the Court. Your Honor, I'd like to concentrate my oral argument today on the lead argument on my brief, which is the insufficiency of the evidence as to the two racketeering acts included in the indictment, which is Racketeering Act No. 2 and Racketeering Act No. 3. My contention is that there was no evidence indicating that there was some compulsion, extortion, at the moment of the execution of the two lawful warrants executed related to those two racketeering acts charged in the indictment. The officer at that moment was there with... Is there something in the record that says that those warrants were lawful? This whole case is about falsifying affidavits. Nothing specific as to those search warrants, in which case the inference should be that they were valid. If the government has evidence that the two warrants involved were obtained illegally or lawfully, as there was evidence related to the testimonial evidence as well as two incidents not related to those two racketeering acts, if the government did not present that evidence, I think that beyond a reasonable doubt standard, we should assume that the government had no evidence indicating that they were unlawful. So the relevance of that is that the entry at the residence of those two racketeering acts charged, the entry was lawful. There was evidence by the officers that testified at a trial that as soon as they get into premises for the execution of the warrant, the standard operating is that they detain the person, they don't allow the person to move around until they finish the execution of the warrant. There was evidence that as to racketeering act number two, there was evidence that the officers seized some pills that they suspected were illegally tracked with by the owner of the residence, and as to racketeering act number three, they seized crack cocaine. So your honor, the way I see it is that at the moment what Mr. Munoz was charged with taking the change and cash with respect to racketeering number two and seizing the money on the racketeering act number three, the way I see it, that was a theft offense that is not seized pursuant to the, as an overact of the extortion conspiracy alleged by the government. So because otherwise any theft offense committed by the police officer would constitute an extortion act just by the mere taking of that property. All the events that took place during those two racketeering acts were under the lawful execution of such one, except of course the theft offense. I believe that your honor that unless the government presented evidence of any specific extortion, which in this case might have been let's say that if Mr. Munoz said to one of the victims said, look if you don't tell me where the money is, I will charge you or I will release you if you give me some money, you give me whatever property. That is not the evidence in this case and I believe judge that what the government failed to prove in this case, the extortion act charge which was required as part of the racketeering act two and three charging the indictment. Can I just understand something about your theory? Am I right that your theory also works even if the warrant was unlawful? No, because if the warrant was unlawful, then from the beginning from the beginning there was some sort of extortion just by the getting into the premises. What would be extortion? Just run for me if the warrant's unlawful. If it's wrong to do it, but how does it become extortion? There's an unlawful warrant, they enter pursuant to the warrant unbeknownst to the person whose property is the subject of the warrant during the course of their time in the house. Unbeknownst to him, they see some cash and they take it. How is that extortion? Just by the mere act of entering the premises, identifying themselves to be police officer, carrying firearms, that per se would be an extortion act in such a fact. So having said that, are you saying that when there's testimony that 99% of the warrants are unlawfully obtained, that we can't make a reasonable inference that this one fell into the 99% category? No, I believe that on the reasonable doubt standard, the government would have to prove that that warrant was part of the 1% that was lawful. And if the government did not provide any evidence as to those two warrants, the inference is that they did not have that evidence, other than they would have come up with it. I think that it should be around, the way I see it should be around. Even though we also contested the fact that that testimony, whether it was admissible or not, is part of our brief. But let's say that in fact there was 99% of the warrants issue obtained unlawfully. Still, I believe that the government burden required to prove that those two particular warrants were part of the 99% and not allow the jury to make an inference when there is an absence of evidence specifically as to the validity of those two warrants. I believe, Your Honor, that in this case, the government failed to prove the specific act of extortion. It is a simple taking of property during the execution of a lawful warrant. What transpired during those two searches, they were standard operating procedure, and except for the taking of the property, there was no specific evidence indicating that taking that property. As a matter of fact, the Puerto Rico statute precisely requires that the property is surrendered as a result of the extortion act. So, if the warrant was illegal, you're saying that the display of authority and the use of a gun and the seizure of the occupant that would constitute extortion? That's the way it is, because we would have the elements, as I said, we would have the elements. And so, why is it that an otherwise legal conduct cannot become unlegal based upon the pattern that these police officers engage in routinely? Because I believe, Your Honor, that there has to be specific evidence. The two acts alleged by the government in order to prove the racketeering enterprise. The government chose those two specific acts, and I understand that the government was supposed to prove all the elements specific of those two acts from the beginning. And if there was no evidence indicating that entering through the premises was illegal, that restraining the person during the execution of the warrant was illegal, that arresting those two persons was illegal, my understanding is that there is absence of evidence, even if property was taken during the course of the execution of the order. Can I just go back to the lawfulness of the warrant, which I understand your argument that you just can't infer that because you usually committed extortion, you committed extortion in this instance. I take that point. But in just trying to understand what extortion is, I guess I'm still having a little trouble seeing why the unlawful warrant would support a finding of extortion if the way the money was taken was simply by finding cash in a cabinet and taking it unbeknownst to the subject of the warrant. So, when you said that the extortionate act would be seizing the person based on the unlawful warrant, I thought the extortion had to take the form of using the show of authority to obtain from the subject of the extortion property. Well, the property that's obtained is the cash that's in the cabinet. And if that's taken unbeknownst to the subject of the warrant, even if it's unlawful, I'm still having a little trouble seeing why that's not theft rather than extortion. Probably not yet, but I see it from the beginning. I believe that if the police presence at a residence from the beginning is unlawful, the entrance on those premises is unlawful, the search is unlawful, the restraining of that person is unlawful. I believe that taking of the property, whether it causes the person, the victim, not to complain, not to argue with the police officer, whether at that moment or in the future, that's why I believe that per se. So, key to your case is... Go ahead, Judge Howard. Sorry. I just want to zero in on Judge Barron's question just a little bit more. So, let's say you've got an unlawful search warrant and that search warrant lists only that they are there to collect a computer. So, it's unlawful. The homeowner is watching them collect the computer and while that's going on, one of the officers surreptitiously goes into a cabinet and steals money, and the person listed in the warrant doesn't even know that that happened. Is that taking of that money extortion? Probably in those circumstances, no. Yeah, okay. Thank you. What makes the difference is that they're going specifically to the computer, steal the computer. But I guess I... So, here, though, what did this warrant... I mean, on its face, this warrant didn't have a purpose of taking the money in the cabinet. So, how is it any different? Well, how is this any different than... I mean, this is only favorable to you, but it's no different than the case of the computer. Yeah, well... In a sense, yes. I would say yes. Yes, you're right. I think that in that case, it's difficult to conceive the extortion act in those circumstances, yes. Thank you, counsel. If you would mute your audio and video. Yes, your honor. And Ms. Lee, if you would... there you go. And whenever you're ready. Good morning, your honors, and may it please the court. Tyler Lee on behalf of the United States. This court should affirm Munoz's conviction in sentence, and I'd like to begin with the extortion issue that opposing counsel raised. The theory of extortion here fits comfortably within the Puerto Rico statute. That is, when a police officer obtains a warrant that compels a homeowner to deliver into the officer's control property to be searched, and then the officer misappropriates that property by taking it, that qualifies as extortion. In this case, we're talking about search warrants, which by their nature, compel a homeowner to give up control over his property. And then that puts the officers in a position to seize property under the pretext of their authority. But he didn't... but the warrant didn't authorize the seizure. No, it did not, your honor, but... Well, so then how can the warrant have induced his consent to that seizure? The warrant induced the consent because it's... when officers show up with their guns drawn, with this warrant to be executed, and the homeowners in these cases submitted to that authority, essentially giving up... But he submitted only to the authority to the search. He didn't submit to the authority to seize. The warrant doesn't authorize you to seize if it doesn't authorize the seizure. So how could the warrant induce his submission to having it seized, any more than it would induce his submission to them burning down the house? Well, burning down the house certainly, your honor, would be unlawful, but the officers... And so would... property that the warrant didn't authorize them to seize. Even if it purported... even if it purported to authorize the search, there's nothing in the warrant that authorizes the seizure of the pills or the cash in the cabinet. Yes, your honor, but the underlying validity of the warrant here is... I'm not... I'm imagining the warrant being whatever you want it to be, legal, illegal. Nothing in that warrant on its face could have induced the subject of the warrant to consent to the seizure of things not mentioned in the warrant. Well, it's the issue of whether... here, the warrant is giving these officers access to that... It's giving them opportunity to steal. It's not inducing consent to give up control of things that the warrant doesn't authorize the seizure of, or even purport to authorize the seizure. Is there something in the warrant that says they have the right to seize cash in a cabinet or pills in a drawer? I don't know, your honor. What the... what the exact terms of the warrant in these cases was... Without that being in the record, how could we conclude that the warrant induced consent to either of those acts? Because the statute just requires this compulsion of this... the surrender of control. It doesn't necessarily... it doesn't specify search or seizure. What in the warrant induced surrender of control with respect to the seizure of things that the warrant does not purport to authorize the seizure of? I just don't see it. The fact that officers came with guns, handcuffed, you know, one of the victims in this case, sat him down at the counter. He was unable to stop the officers from taking property in this case because of their show of force, because of their show of authority, this pretext of authority under which they were carrying out the search warrant. He was unable to stop them from taking this property. And they were, you know, Velazquez Martinez, one of the cooperating officers in this case, testified that he and Munoz had control over this property that they were searching and the property that they were taking. If the officers broke into the house and stole the money from the cabinet, is that extortion? No, your honor, because if they're breaking into the house, they're not acting under any sort of pretext of authority as police officers. That would be simple theft. Well, then why, when you enter pursuit to a warrant that doesn't authorize you to steal, is it extortion with respect to the things you steal? That's what I'm not quite hearing an answer to. It's because extortion, the critical element of extortion here is the status of the extorter as a public official, or at least the fact that the extorter is acting under the pretext of his status as a public official. And so regardless of... Why don't you get a little more specific about Puerto Rico law and how that helps your argument, if it does. Yes, your honor. So the Puerto Rico statute requires that the person under the pretext of rights as a public officer or employee, that they're acting in that capacity. And here, the officers were in uniform with search warrants. Under pretext does what? Well, so it doesn't matter whether the warrant was valid or not. It just, what mattered is that they were purporting to act under their authority as police officers. And it's because of that authority that they were able to gain access to the house and that they were able to get these victims to surrender this control. So your position is even... Oh, go ahead, Judge Thompson. So you're saying that if they acted under authority and obtained property, that the warrant really doesn't matter. It's their show of force, regardless of what was going on? Yes, your honor. That is another way of looking at it, that it's these officers who are acting under... They are coming in and saying, we're police officers, so we're authorized to take this from you. And then in fact, they're not actually authorized to be taking... They didn't say that they were authorized to take it from them. I thought that was the whole point. Nothing in the warrant purported to say that. The warrant simply said, we're authorized to search your property. What did they say that suggested they were authorized as officers to take what they took? Your honor, I don't believe that they made specific or explicit statements about that, but I don't think that's required. It's the presence of the officers and this show of authority or this pretext of authority, which then causes the resident of the home to submit to that authority. And they're using that pretext of authority to take this property. It's forcing these residents to give up their property and they have no control over what law enforcement is doing with that property. In this case, illegally taking it for their own Now, Mr... Again, I want to turn to a point that opposing counsel made, which is that he appeared to conceive that extortion... I'm sorry, just so I get clear. So the way you just put it, does it matter then whether there's evidence in the record that they were acting under a pretext? Your honor, so yes, because if there was no pretext, if the authority was valid and the items were seized properly for... No, no, no, no, no, no. I understand that. Everybody seems to agree that the actual taking of the property that was taken was not authorized. There's a dispute as to whether their entry into the home was either authorized or even if formally authorized was pretextual. Is it necessary for your argument for extortion that one of those two things be true, that the entry was either pretextual, in other words, a pretext for stealing, even if the warrant was formally lawful, or alternatively, is it necessary to your argument that the warrant at least have unlawfully obtained? Neither, your honor, because it can be possible that the officers could be coming in with a valid warrant looking for, for example, drug... Let me just give you an example. Suppose a fireman sees a house, sees smoke in the house, and so in order to put out the fire, bursts into the house, says to the occupant of the house, you better get out of here. And then while he's putting out the fire, sees a necklace on the desk, takes the necklace. Is that extortion? Arguably so, your honor, because the officer in that case is using their position. What's, yeah, what's your best, what's your best case for saying that also is extortion? Well, your honor, so courts have not addressed this particular issue, but the Supreme Court has recognized that a common law extortion was a property offense that was committed by a public official who took any money or thing of value that was not due to him under the pretense that he was entitled to such property by virtue of his office. And so here, it's that idea that officers are coming in under the pretext of this, of executing a search warrant and are taking then money or that, that, that Judge Howard gave, Chief Judge Howard gave with the example of the computer, you know, even if the search warrant is only authorizing the computer, and then this officer takes money as well, the fact remains that the officer cannot get access to that money or gain control over that place where that money is without the warrant to begin with, and that's where the compulsion occurs. Compulsion occurs when... What about the other half of extortion, which is consent? And I know it's not, you know, willful consent. It's, it's consent where your will has been overborne. But if you don't even know that the other person is taking property, how, how could you consent to it? Your Honor, it's, under the language of the statute just requires that the, this compulsion occur. And so the compulsion occur, it begins and is ongoing from the point... What statute? The Puerto Rico statute. I thought it required consent. Your Honor, the Puerto Rico statute as relevant here is any person who under the pretext of rights as a public officer or employee compels another person to deliver property. Well, is that, does that count as extortion for purposes of the Federal Racketeering Act then? I mean, just because you... Well, how do we know that? In other words, the word extortion is a word in the Federal Racketeering Act. You're saying it's satisfied by the Puerto Rico law, but obviously the Puerto Rico law just has a label called extortion, but it doesn't have the elements that would satisfy the federal definition of extortion. It can't qualify. So can a state law offense that doesn't have a consent requirement qualify as extortion under the Federal Racketeering Act? So no, Your Honor, the Supreme Court has recognized that generic extortion does require some sort of induced consent, but that is swept up here by the compel argument. That is subsumed within the compel requirement here. I'd argue that's another way of stating that induced consent element. And here the induced consent is the resident submitting to the show of force by the officers when they arrive at the home with the search warrant. And so it's not necessary that the resident be aware or observe every single instance of officers unlawfully taking property from his home. Rather, that compulsion or that induced consent begins when he's restrained and gives the officers control over the home and is ongoing as they're unlawfully taking this property from his home. Anything else, counsel? Yes, I would just note, Your Honor, that this court has recognized that the emphasis in extortion cases on the defendant's motives. And just to sum up that the theory of officers show up with a warrant and use that warrant, whether it's valid or not, to compel a homeowner to give over control of property to officers, and then they then take property unlawfully, that is the core of extortion here. Thank you. Thank you. Mr. Gonzalez? Yes. Attorney Ramon Gonzalez for appellant. Just three points, Your Honor. First of all, there was no evidence of trial indicating that there was a pretext by the police officer to enter this particular resident, these two particular residents during the execution of the warrants. That's one. The other one, Your Honor, is that the restraining, as I indicated before, the restraining of the two victims during those two incidents, first of all, was executed because, one, that was the operating normal way of conducting a search warrant, and second, they found what appears to be illegal contraband with respect to the first Racketeering Act, which are the pills, and on the second one, they found crack cocaine, which then they immediately proceeded to arrest, I think it was Mr. Gonzalez, on the second Racketeering Act. I would like also, Judge, to mention the fact that in that second Racketeering Act, the victim did not realize that property was taken until later on he comes back to his house and realizes that the money was taken. But what's your answer to the government's contention that even if it was a lawful warrant and they entered pursuant to it, they were using the authority that they had as public officers to induce the defendant rather than, as you might do if a stranger burst into your house, to basically keep him from doing anything that would resist them from stealing? And therefore, there is a sort of induced consent to the taking of the property through the show of force that enabled them to get access to that property. I believe, and more particularly so with respect to Racketeering Act number three, which is the second act, the victim didn't even realize that property had been taken. Yeah, but I think what the government's point is is that that doesn't matter because the way that the government, that the officers used their authority was to induce the defendant to be in a and effectively induce his consent to it. It doesn't matter that he didn't actually know what was taken until later. They used their authority to put him in a position where he wouldn't resist the taking. That would be an interpretation too expansive, Your Honor. It would be an expansive interpretation of the extortion statute, Puerto Rico law. And in this case, the evidence was insufficient, Judge, to separate the lawful intervention with respect to those two words from any other illegal act. Is there any precedent that you could point us to under Puerto Rico law that would suggest it wouldn't even qualify under Puerto Rico law, or alternatively, any federal source with respect to the meaning of generic extortion that suggests it can't count? No, Your Honor. I'm not aware of any specific case law, but, Judge, even if we check the specific wording of the statute, which says any person who by means of violence or intimidation or under the pretext of having the right as a public official or employee compels another person to deliver property. To deliver? To deliver. This is a taking in this case. Yeah. Those are my three points. Thank you, Counsel. Thank you. That concludes argument in this case. Attorney Gonzalez and Attorney Lee, you should disconnect from the hearing at this time.